UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK CUSTER, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:06-cv-1208-WTL-JDT |
| | ) |
| SCHUMACHER RACING CORP., et al., | ) |
| | ) |
|   Defendants. | ) |

## ENTRY ON MOTION TO AMEND ANSWER AND RELATED MOTION TO STRIKE

This cause is before the Court on the Defendants' Motion for Leave to Amend Their Answer to Plaintiff's Second Amended Complaint for Damages. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. Also pending is the Defendants' motion to strike the Plaintiff's surreply in opposition to the motion to amend; that motion is **GRANTED**, inasmuch as the surreply was filed without leave of court. Accordingly, the surreply, which is docket no. 54, is **ORDERED STRICKEN** from the record.

Plaintiff Mark Custer alleges in this case that he was injured on December 1, 2004, when he fell down the stairs on property owned by Defendant Schumacher Electric Corporation and leased by Defendant Schumacher Racing Corporation. Custer alleges that his fall was caused by the dangerous and hazardous condition of the stairway and the Defendants' failure to warn him thereof. The Defendants seek leave to amend their answer to name as non-parties three individuals who were involved in the construction of the building at issue, based upon Custer's allegation that certain alleged building code violations caused or contributed to his injuries.

The Defendants' right to amend their answer to assert a nonparty defense[1] is governed by

---

[1] The fact that the Defendants asserted a generic nonparty defense in their original answer is irrelevant, as a defendant must specifically name the nonparty in order to assert a nonparty

Indiana Code 34-51-2-16, which provides:

> A nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:
>
> (1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and
>
> (2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

In this case, the two-year statute of limitation for Custer's personal injury action expired on December 1, 2006.[2]  Schumacher Racing, the original Defendant, was served on December 29, 2005, more than 150 days prior to the expiration of the limitation period, and Defendant Schumacher Electric, who was first named in Custer's amended complaint, was served on July 19, 2006, less than 150 days prior to the expiration of the limitation period.  Therefore, pursuant to Ind. Code 34-51-2-16, Schumacher Racing was presumptively required to plead its nonparty defense no later than 45 days prior to December 1, 2006.  Clearly it did not do so.  Neither, as discussed further below, did Schumacher Electric act with "reasonable promptness."

The statute gives the Court the discretion to alter the deadline for asserting a nonparty

---

defense.  *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 913 (Ind. 2001).

[2]The Defendants' argument that Ind. Code 32-30-1-5 sets forth a ten-year statute of limitation for Custer's claims is without merit; that provision is a statute of repose and does not extend the two-year statute of limitation for personal injury actions.  *Berns Const. Co., Inc. v. Miller*, 491 N.E.2d 565 (Ind. App. 1986).

defense; however, the exercise of that discretion must be consistent with both allowing the defendant the reasonable opportunity to learn the identity of the nonparties and giving the plaintiff the reasonable opportunity to add the nonparty as a defendant prior to the expiration of the statute of limitation.  In this case, if the Defendants were permitted to name the nonparties now, Custer would be unable to name them as additional defendants because the statute of limitations has expired.  Further, the Defendants have given no explanation for why they were unable to discover the identity of the nonparties sooner.  They assert that they first learned of the nonparty defense at the deposition of Custer on June 19, 2007, just three days before they filed their motion to amend their answer.  Assuming that is the case–although it seems to be a bit disingenuous in light of the fact that Custer's expert witness identified building code violations in his report at least seven months before Custer's deposition–that still does not explain why it took the Defendants more than seventeen months[3] to depose Custer or otherwise ascertain the basis of his claim.

This delay is relevant to both the issue of whether Schumacher Electric acted with "reasonable promptness" and whether it would be appropriate to alter the presumptive deadline. The Indiana Court of Appeals has held that the reasonable promptness requirement refers to the period of time between when the defendant is served and when the nonparty defense is asserted, not, as the Defendants here suggest, the time between learning of the defense and asserting it. *Kelly v. Bennett*, 792 N.E.2d 584, 587 (Ind. App.,2003).  Because "the purpose of the requirement is confounded if a defendant takes little action to discover such a defense until a

---

[3]The Court recognizes that Schumacher Electric was not named and served until almost seven months into the case.  However, inasmuch as both Defendants are represented by the same counsel, Schumacher Electric essentially joined the case "in progress."

substantial delay has occurred . . . some degree of diligence in investigating any possible nonparty defense is warranted." *Id.*  The Defendants in this case have not demonstrated that they exercised diligence in investigating their nonparty defense.  Therefore, the Court determines that the Defendants are not entitled to assert their nonparty defense at this stage in the case.

SO ORDERED: 08/14/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Shantel D. Bill
SCHUMACHER ELECTRIC CORPORATION
bills@schumacherelectric.com

Daniel J. Buba
DOERMAN CHAMBERLAIN
dbuba@tbilawyer.com

Thomas C. Doehrman
DOEHRMAN - CHAMBERLAIN
tcd@tbilawyer.com

Jason A. Shartzer
THE LAW OFFICES OF BUDDY YOSHA
jshartzer@yoshalaw.com

Ronald S. Todd
10333 North Meridian Street
Suite 100
Indianapolis, IN 46290

Cory A. Watkins
SCHUMACHER ELECTRIC CORP
watkinsc@schumacherelectric.com