**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MARK CUSTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.  1:06-cv-1208-WTL-JDT |
| | ) |
| **SCHUMACHER RACING CORP., et al.,** | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTIONS FOR SUMMARY JUDGMENT**

This cause is before the Court on two motions for summary judgment, one filed by Defendant Schumacher Electric Corporation ("Schumacher Electric") and the other by Defendant Schumacher Racing Corporation ("Schumacher Racing"), and the Plaintiff's responses thereto.  Neither Defendant has filed a reply brief in support of its motion, and the time for doing so has expired.  The Court, being duly advised, **GRANTS** Schumacher Electric's motion and **DENIES** Schumacher Racing's motion for the reasons set forth below.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."  In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Robin v. Espo Engineering Corp.*, 200F.3d 1081, 1088 (7th Cir. 2000).  "The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue." *Bilow v. Much Shelist Freed Deneberg Ament & Rubenstein*, *P.C.*,

277 F.3d 882, 893 (7th Cir. 2001).  "[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment," *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004); rather, "[t]he party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Robin*, 200 F.3d at 1088.  Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

The facts of record, viewed in the light most favorable to Plaintiff Mark Custer, are as follow.  Custer was injured on December 1, 2004, when he fell down the stairs in a building in which he was working as a painter.  Custer alleges that his fall was caused by the dangerous and hazardous condition of the stairway.  The building where the fall occurred was owned by Schumacher Electric and leased to Schumacher Racing.  Schumacher Racing hired Custer for the painting job.

<u>Schumacher Electric's Motion</u>

In its motion for summary judgment, Schumacher Electric asserts that it cannot be liable for Custer's injuries because it owed no duty to Custer.  The Court agrees.  Under Indiana law, "in the absence of statute, covenant, fraud or concealment, a landlord who gives a tenant full control and possession of the leased property will not be liable for personal injuries sustained by the tenant or other persons lawfully upon the leased property." *Olds v. Noel*, 857 N.E.2d 1041, 1044 (Ind. App. 2006).  In this case, Schumacher Racing had possession and control of the building. Schumacher Electric had never occupied the building in question; indeed, Schumacher Racing had occupied it prior to Schumacher Electric purchasing it on November 2, 2004, and continued to occupy it after the purchase.

Custer argues that Schumacher Racing's interrogatory answers create a factual dispute regarding whether Schumacher Electric had ceded full control of the building to its tenant. Specifically, Custer points to Schumacher Racing's response to interrogatory no. 3, which asked for the "name, address, and employer of each person or entity responsible for the repair and maintenance of the premises from January 1, 2003 to December 31, 2005, stating the nature and extent of their duties and the inclusive dates they performed those duties." Schumacher Racing responded: "The responding party does not have possession of the information requested from January 1, 2003, to November 1, 2004; nor does [Schumacher Racing] have control of the requested information or access to it. However, there has been no substantial repairs of the premises from November 1, 2004, to the present." Custer argues that if Schumacher Racing does not have access to the repair and maintenance information for the building it could not have been in full and complete control of the building, and thus Schumacher Electric must have maintained control for the purposes of maintenance and repair.

The inference that Custer draws from this interrogatory response is not a reasonable one. Schumacher Racing's answer states that it does not have possession, access or control of information regarding repair and maintenance of the building *prior to November 1, 2004*, the date it was purchased by Schumacher Electric. What occurred during the tenure of the previous owner is entirely irrelevant to the issue of Schumacher Electric's control of the building. Further, even if there were evidence that Schumacher Electric had retained the right to enter and make repairs to the building, that would not be sufficient to demonstrate that Schumacher Electric retained control of the building such that it was subject to liability for Custer's fall. Indeed, this same argument was rejected in *Olds:*

3

> Another provision . . . of the lease provides for a similar right of entry to make repairs "for the safety, preservation, or improvement of said premises. . . ." Olds insists that having reserved this right of entry as landlords, the Noels must never have transferred full control and possession of the premises to the Lessees. Again, we cannot agree.

857 N.E.2d at1046.  Like the plaintiff in *Olds*, Custer simply has not presented any evidence from which a trier of fact reasonably could conclude that Schumacher Electric exercised any control over the building.  Therefore, there is no evidence to support a finding that Schumacher Electric had a duty to Custer, and Schumacher Electric is entitled to summary judgment.

### Schumacher Racing's Motion

In its motion for summary judgment, Schumacher Racing argues that "there is no material issue of fact that its conduct had any causal relation to Plaintiff's fall."  This argument is without merit.  Proximate cause is an issue for the factfinder "unless only one conclusion can be drawn from the facts." *Ritchie v. Glidden Co.*, 242 F.3d 713, 725 (7th Cir. 2001) (citations and internal quotation marks omitted).  Schumacher Racing, supported by its expert witness, asserts that the admittedly hazardous condition of the stairway did not contribute to Custer's fall; rather, Custer's own negligent inattention to his surroundings caused the fall.  However, Custer's expert witness concludes in his report that "the obstruction in the landing surface (dangerous absence there of [sic.]) was the primary cause of this incident."  This, coupled with Custer's testimony regarding the fall, constitutes evidence that supports Custer's claim that the condition of the stairway was the cause of–and therefore Schumacher Racing is liable for–his fall.  Because the evidence of record in this case could support more than one conclusion, it is for the jury to determine the proximate cause of Custer's fall.  Accordingly, Schumacher Racing's motion for summary judgment is **DENIED**.

SO ORDERED:  11/01/2007

Copies to:

Shantel D. Bill
SCHUMACHER ELECTRIC CORPORATION
bills@schumacherelectric.com

Daniel J. Buba
DOERMAN CHAMBERLAIN
dbuba@tbilawyer.com

Thomas C. Doehrman
DOEHRMAN - CHAMBERLAIN
tcd@tbilawyer.com

Jason A. Shartzer
THE LAW OFFICES OF BUDDY YOSHA
jshartzer@yoshalaw.com

Cory A. Watkins
SCHUMACHER ELECTRIC CORP
watkinsc@schumacherelectric.com

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana