UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MARK CUSTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CAUSE NO.  1:06-cv-1208-WTL-JDT** |
| | ) |
| **SCHUMACHER RACING CORP., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**ENTRY ON MOTIONS IN LIMINE**</u>

This cause is before the Court on the Plaintiff's First and Second Motions in Limine and the Defendant's response thereto.  The Court, being duly advised, **GRANTS** the first motion and **GRANTS IN PART and DENIES IN PART** the second motion to the extent and for the reasons set forth below.

<u>First Motion in Limine</u>

In his first motion in limine, the Plaintiff argues that the Defendant's expert should be precluded from testifying that the Plaintiff's fall was caused by his own inattention.  The Court agrees.  Expert testimony on an issue is appropriate if the "scientific, technical, or other specialized knowledge" of the expert will assist the trier of fact.  Federal Rule of Evidence 702. Testimony that the Plaintiff fell because he was not paying attention to where he was walking would not be based on any scientific, technical or specialized knowledge; rather, a determination of the cause(s) of the Plaintiff's fall is precisely the type of logical and common sense analysis that should be performed by the jury after considering all of the evidence regarding the condition of the stairs and the testimony of the Plaintiff and any other witnesses to the fall.  Therefore, the Plaintiff's motion is **GRANTED**.  As the Defendant points out, this ruling applies equally to any

testimony by the Plaintiff's expert regarding the cause of the fall.

Second Motion in Limine

The Plaintiff's second motion in limine raises several issues, each of which is addressed in turn below.

*Evidence Regarding Non-Parties*

Noting that the Court denied as untimely the Defendant's motion for leave to assert a non-party defense, the Plaintiff argues that the Defendant should not be permitted to suggest to the jury that any non-party was the cause of the Plaintiff's accident or the hazardous condition of the stairs. The Plaintiff specifically requests that the Defendant be prohibited from referring to any of the following matters:

- The Defendant did not build the stairs, or another person or entity built the stairs;

- The Defendant did not design the stairs, or another person or entity designed the stairs;

- The Defendant did not have control over the stairs or the premises because it was a tenant or for any other reason;

- The Defendant relied on the builder, designer, or other person or entity for the construction and/or design of the stairs; or

- Any other reference that would allow the Defendant to imply or otherwise suggest that a person or entity not a party to this case is responsible for the Plaintiff's fall.

In response, the Defendant states that it does not plan to introduce any evidence that the Plaintiff's fall was caused by anyone other than himself. However, the Defendant notes that it is a fact that it did not build or design the building or the stairs and argues that "[t]o allow the jury to believe otherwise would be factually inaccurate and misleading" and that the "information is

2

relevant as to how the code defects came to be." That may be so, but the Court fails to see how the origins of the code defects, or who designed and built the building and the stairs, is relevant. In other words, it is irrelevant whose "fault" it is that the stairs are the way they are; rather what is relevant is whether the Defendant knew or should have known about the condition of the stairs. Therefore, the Plaintiff's motion is **granted** as to the topics set forth above.

However, the Plaintiff also asks that the Defendant be prohibited from referring to the fact that "the building and stairs in question were examined and/or approved by another individual or entity." The Court agrees with the Defendant that this information may be relevant. If the stairs were inspected by a knowledgeable person and found to be acceptable, that would be relevant to the question of whether the stairs posed an unreasonable risk of harm, and if the Defendant knew of any such "inspection" prior to the Plaintiff's fall, that also would be relevant to the issue of whether the Defendant should have known that the stairs were unreasonably dangerous. Accordingly, the Plaintiff's motion is limine is **denied** as to that topic.

*Testimony That the Plaintiff Smelled of Alcohol*

The Plaintiff argues that any testimony that he smelled of alcohol at the time of his fall should be excluded because there is no other evidence that suggests that he was intoxicated and therefore testimony that he smelled of alcohol has no probative value and would be unduly prejudicial. However, it is up to the jury to weigh all of the evidence on this issue and make a determination regarding whether the Plaintiff was intoxicated. Therefore, the Plaintiff's motion in limine is **denied** on this issue.

*Evidence Regarding the Plaintiff's Prior Convictions*

The Plaintiff testified at his deposition that he has been convicted of driving on a revoked license and also has three convictions for operating a vehicle while intoxicated ("OWI"); he asks

3

that no evidence regarding these convictions be admitted at trial.  The Defendant argues that all three of the Plaintiff's OWI convictions "are relevant to this litigation as there is testimony that he smelled of alcohol on the morning of his fall" and his OWIs show his "propensity to drink excessively."  However, Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Therefore, the Defendant is not entitled to introduce evidence of the Plaintiff's OWI convictions in order to support its theory that he was intoxicated at the time of his fall.

However, Federal Rule of Evidence 609(a)(1) provides that evidence that a witness has been convicted of a felony shall be admitted as impeachment evidence, subject to Federal Rule of Evidence 403.  It is unclear whether any of the Plaintiff's convictions were felonies.  As the Defendant points out, his second OWI had the potential to be a class D felony, inasmuch as it appears to have occurred within five years of his first OWI.  However, pursuant to Ind. Code 35-50-2-7(b), the court had the option to convict him of a Class A misdemeanor instead.  In any event, the Court determines that even if the Plaintiff's second OWI was a felony, the probative value of admitting evidence regarding that conviction is substantially outweighed by its prejudicial value, and therefore it will be excluded pursuant to Rule 403.  This determination is based on several factors.  First, as noted above, the fact that the Plaintiff has been convicted of OWI is not admissible as evidence that he was intoxicated when he fell; however, there is a very real danger that the jury would use it for that purpose, even if a limiting instruction were given. Second, it appears that the potential felony OWI occurred almost ten years ago.  Pursuant to Federal Rule of Evidence 609(b), convictions that are more than ten years old generally are not admissible at all; the probative value of a conviction that is quickly approaching the ten-year

4

mark certainly is diminished.  Finally, as noted above, an OWI is typically a misdemeanor which would not be admissible as impeachment evidence at all; thus, the probative value of a felony OWI is less than that of a conviction for a crime that is more traditionally characterized as a felony.  Accordingly, the Plaintiff's motion is **granted** on this issue.

*Evidence Relating to Tax Returns, Income or Earnings and*
*Evidence Relating to Statements Regarding Insurance*

The Plaintiff is not asserting a claim for lost earnings, and therefore argues that "any reference to Plaintiff's tax returns, tax returns filings, tax return filing status, income, or earnings" should be precluded.  The Defendant argues that it should be permitted to introduce evidence that the Plaintiff failed to file tax returns:

> Mr. Custer's failure to pay his taxes is admissible character evidence under Federal Rule of Evidence 404. "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake of accident."

Defendant's Response at 4.  The Defendant argues that the "other purpose" for which this evidence should be admitted is to demonstrate "his credibility as a witness" and to show "a pattern or practice regarding his disclosure of accurate information personally and on behalf of his company over a period of time"–in other words, the Plaintiff's character for truthfulness. Federal Rule of Evidence 608(b) governs the admissibility of "[s]pecific instances of the conduct of a witness for the purpose of attacking or supporting the witness' character for truthfulness"; that rule provides that such acts "may not be proved by extrinsic evidence," but may, in the Court's discretion, be inquired into on cross-examination "if probative of truthfulness or untruthfulness."  "A conviction for failure to file tax returns is a crime involving dishonesty," *U.S. v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993), and therefore it follows that the Plaintiff's

failure to file tax returns is probative of untruthfulness.  Accordingly, the Plaintiff's motion is **denied** as to this issue, to the extent that the Defendant will be permitted to cross-examine the Plaintiff regarding his failure to file tax returns.  However, as required by Rule 608(b), no extrinsic evidence–that is, no evidence other than the Plaintiff's responses during cross-examination–will be admitted on the issue.

The Plaintiff also asks that testimony regarding whether he told the Defendant that he had liability and/or workers compensation insurance be precluded.  The Defendant argues that testimony from its witnesses that the Plaintiff said he would carry insurance–which the Plaintiff apparently denies–is relevant because it "goes to the veracity and truth of [his] statements." Defendant's Response at 7.  It is not entirely clear what the Defendant means by this argument. If it means that it should be permitted to introduce evidence that the Plaintiff lied about having insurance in order to impeach his credibility, Rule 608(b) applies, and no extrinsic evidence will be permitted.  Therefore, the Defendant may ask the Plaintiff during cross-examination if he told the Defendant that he had insurance, but if he denies doing so, the Defendant will not be permitted to introduce the testimony of other witnesses to the contrary.  The Defendant also argues the following:

> If Mr. Custer states the code defects caused his fall, which is contrary to his videotaped inspection of the premises after the fall, he is doing so under the motive that his medical bills will be paid by DSR. If he had carried insurance there would be no issue regarding payment of medical bills. Further, the issue of insurance is not being offered under Federal Rule of Evidence 411. However, even it if could be construed as such, under Federal Rule of Evidence 411, insurance should not be excluded when offered for another purpose … such as prejudice of a witness.

Again, it is not entirely clear what this argument means, but to the extent that the Defendant is arguing that evidence that the Plaintiff did not have insurance is admissible to show that he was

motivated to sue in order to obtain payment for his medical bills, that argument is without merit. All tort plaintiffs file suit with the motive to obtain money; whether the Plaintiff was insured or not, the jury will be well aware of his motivation for suing the Defendant.  The Plaintiff's motion is **granted** as to this issue.

### Evidence Regarding the Lack of Other Falls

The Plaintiff argues that the Defendant should not be permitted to introduce evidence that no one other than the Plaintiff has fallen down the stairs because such evidence is irrelevant. The Defendant responds that it should be permitted to ask the Plaintiff "how many times he went up and down the stairs without incident prior to his fall"; the Court agrees, as this information is relevant to the Plaintiff's familiarity with the condition of the stairs and therefore whether he was negligent.  The Defendant also wishes to ask its employees who testify if they are aware of any other falls on the stairs.  Evidence tending to show an absence of prior accidents is generally admissible if a proper foundation is laid.  *Bilski v. Scientific Atlanta*, 964 F.2d 697, 700 (7th Cir. 1992) (applying Illinois law).  In this case, that foundation would include a showing that the condition of the stairs had not changed, that the Defendant kept accurate records of incidents such as falls, and that the witnesses in question had reviewed those records. In other words, it would be irrelevant that Witness A was unaware of any other falls absent evidence that Witness A would be aware of a fall if it occurred.  If the Defendant is able to lay a proper foundation, this evidence will be admitted.

### Evidence Regarding Past Medical History

The Plaintiff argues that evidence regarding his past medical history should be excluded. The Defendant argues that evidence regarding the Plaintiff's prior wrist injuries is relevant, presumably–although the Defendant fails to elaborate–under a pre-existing condition theory.

7

Evidence regarding any pre-existing condition will be permitted only if the Defendant has medical evidence that would support a finding that the pre-existing condition, and not the fall, is the cause of his current condition.  That showing shall be made outside of the presence of the jury before evidence regarding his prior condition is solicited or offered by the Defendant. However, as the Defendant notes, to the extent that the Plaintiff testifies regarding his prior wrist injuries, the Defendant will be permitted to use his medical records to impeach that testimony.

### References to General Societal Costs of Litigation

The Plaintiff argues that the Defendant "should be precluded from making any reference to prejudicial and irrelevant phrases and innuendos such as 'litigation lottery,' 'get rich system,' or 'deep pockets,' or similar references; any references or suggestions that a judgment against the Defendant would cause financial harm to Defendant or to other members of society; and any references to rising insurance rates."  Plaintiff's Motion at 10.  The Defendant responds that it should be able to "make comments with factual backup with respect to the rising rate of negligence lawsuits or the consequences of such lawsuits."  Defendant's Response at 8. However, the jury will be instructed on the law applicable to this case, and the jury's verdict should be based on its findings of fact and its application of the law to those facts; there is no place in that equation for consideration of the general state of litigiousness in this country. Accordingly, the Plaintiff's motion is **granted** on this issue.

### Tax Consequences of a Verdict

The Plaintiff argues that the Defendant should be precluded from making any references about the tax consequences of a verdict.  In response, the Defendant requests that the jury be instructed that any award to the Plaintiff will not be subject to federal income tax.  The Seventh Circuit has held that such an instruction is proper.  *Van Bumble v. Wal-Mart Stores, Inc.*, 407

F.3d 823, 826 (7th Cir. 2005).[1]  Accordingly, the Plaintiff's motion is **denied** on this issue.

      SO ORDERED:   11/21/2007

                               *William T. Lawrence*

                               Hon. William T. Lawrence, Magistrate Judge
                               United States District Court
                               Southern District of Indiana

Copies to:

Shantel D. Bill
SCHUMACHER ELECTRIC CORPORATION
bills@schumacherelectric.com

Daniel J. Buba
DOERMAN CHAMBERLAIN
dbuba@tbilawyer.com

Thomas C. Doehrman
DOEHRMAN - CHAMBERLAIN
tcd@tbilawyer.com

Jason A. Shartzer
THE LAW OFFICES OF BUDDY YOSHA
jshartzer@yoshalaw.com

Cory A. Watkins
SCHUMACHER ELECTRIC CORP
watkinsc@schumacherelectric.com

---

     [1]While the Defendant's conclusion is correct, it incorrectly argues that "Indiana case law squarely rejects Plaintiff's proposition" that tax consequences should not be considered.  In fact, Ind. Code 34-51-5-1 provides that "[i]n a tort action for personal injuries tried by a jury, the court shall, if requested, instruct the jury that the jury may not consider the tax consequences, if any, of its verdict."  However, this is a procedural rule that does not apply in federal court, and it is *federal* case law that rejects the notion that the jury should not consider the fact that a verdict will not be subject to federal income tax.